Dear Councilwoman Alexander,
Your opinion request has been forwarded to me for research and reply. Along with your request, the following facts were provided: On December 11, 2008, the City Council for the City of St. Gabriel conducted a council meeting with three (3) of the five (5) council members present. The mayor was out of the country at the time of the meeting and was unable to attend. During the meeting the council members who were present voted in favor of passing an ordinance which would increase the monthly compensation of all council members, as well as the city's Chief of Police. After the meeting, the City Clerk contacted the Mayor of St. Gabriel and informed him of the council's actions regarding the ordinance.
Thereafter, on December 19, 2008, the mayor, who was still abroad, electronically mailed ("emailed") the City Clerk a veto of the ordinance expressing his disapproval and attached a letter which served as his written statement of reasons for exercising a mayoral veto. The mayor's email also requested that the City Clerk forward the attached veto letter to the council in addition to the Chief of Police.
As a result of the actions of the mayor, you have requested an opinion from this office as to the following questions:
 (1) Whether a mayoral veto pursuant to La.R.S. 33:406 may be transmitted via email;
 (2) Whether the "written statement" required pursuant to La.R.S. 33:406 must be signed; and *Page 2 
 (3) Whether the email and the letter described, both of which were sent by the Mayor to the City Clerk while the Mayor was abroad, constitute a valid and proper exercise of the Mayor's veto power pursuant to La.R.S. 33:406.
In response to your first question, this office is unaware of any jurisprudence that would prohibit a mayoral veto from being transmitted via email. La.R.S. 33:406 provides as follows:
 C. (1) Every ordinance adopted by the board of aldermen shall be signed by the municipal clerk and presented by the municipal clerk to the mayor within three days after its adoption.
 (2) The mayor, within ten days of receipt of an ordinance, shall return it to the municipal clerk with or without his approval, or with his disapproval. If the ordinance is approved by the mayor or is returned by the mayor with neither his approval nor disapproval, the ordinance shall become law upon its return to the municipal clerk. If the mayor fails or refuses to return an ordinance to the municipal clerk within ten days of receipt of an ordinance, it shall become law at midnight of the tenth day after the receipt of the ordinance by the mayor. If the mayor disapproves the ordinance, he shall, within ten days after receipt of the ordinance, return the ordinance along with his written statement of the reasons for his veto to the municipal clerk for transmittal to each member of the board of aldermen. The municipal clerk shall record upon each ordinance the date of its delivery to the mayor and the date of receipt from the mayor, if any. [emphasis added]
 (3) An ordinance vetoed by the mayor shall be considered again by the board of aldermen at its next regular meeting after the veto. The board may vote on the ordinance at that meeting or at a continuance of that meeting. If a board consists of three members, an affirmative vote by all board members shall be required to override a mayor's veto. If a board consists of more than three members, an affirmative vote of two-thirds of the board's members shall be required to override a mayor's veto. If a board overrides an ordinance vetoed by a mayor, the ordinance becomes law upon its enactment by the board.
La.R.S. 33:406 (C) does not specify or define the return or transmittal requirements of a mayoral veto; it merely states that every ordinance shall be "presented by the municipal clerk to the mayor within three [3] days after its adoption"[1] and "[i]f the mayor disapproves the ordinance, he shall, within ten [10] days after the receipt of the ordinance, return the ordinance along with his written statement of the reasons for his *Page 3 
veto to the municipal clerk for transmittal to each member of the board of alderman."[2] Because there is no restriction within La.R.S.33:406 (C) which would prevent the mayor from returning a veto by email as long as the temporal requirements are met, this office is of the opinion that electronic mail is an acceptable form of return.[3]
In response to your second question, it is the opinion of this office that a formal, handwritten signature is not required by the mayor in order to validate the veto. La.R.S. 33:406(C)(2) only requires that the mayor return a written statement of the reasons for his veto to the municipal clerk but does not require that the mayor actually sign the statement.[4] The letter attached to the mayor's email and presented to the clerk on December 19, 2008 clearly states the mayor's reasons for the veto and serves as his required written statement. Moreover, the letter included the mayor's name and email address without his actual signature.
Attorney General Opinion 92-0183 held that the lack of a mayor's signature did not render invalid an otherwise valid ordinance where the mayor approved the ordinance and the municipal clerk's signature was present. We further determined therein that where the mayor's approval was not in dispute, the lack of a signature did not invalidate an otherwise valid ordinance.
While the current issue deals with the validity of a mayoral veto as opposed to the validity of an ordinance, the rationale for not requiring the mayor's signature in the aforementioned opinion is applicable. In both instances, there is no dispute over the mayor's approval or disapproval and there is no express statutory requirement that the mayor's signature be shown. The Mayor of St. Gabriel has expressed his disapproval of the ordinance in the instant case by timely emailing his veto letter. There is no dispute that the email and attached veto letter originated from the mayor which proves his intent to veto the ordinance.[5] Accordingly, the veto is not invalidated due to the mayor's lack of a written signature on the veto letter. *Page 4 
In response to your third and final question, it is the opinion of this office that the letter written by the Mayor of St. Gabriel and returned to the municipal clerk via email constitutes a valid mayoral veto as referenced by La.R.S. 33:406(C). As discussed above, the mayor is only required to return a written statement of the reasons for his veto to the municipal clerk within ten (10) days after receiving a copy of the ordinance. Based on the facts presented, the mayor did in fact return to the clerk a statement of the reasons for his veto within ten (10) days after receiving a copy of the ordinance. Consequently, the veto letter is valid since it was in conformance with applicable law.
In summary, there is no statutory authority that prescribes the exact method that must be used when a mayor returns his written reasons for a veto and there is no express requirement that the mayor sign his written reasons for veto. Accordingly, if the mayor's written reasons for veto are returned to the municipal clerk within ten (10) days of receiving an ordinance, the mayor's veto is valid. The fact that the veto letter does not contain a written signature of the mayor does not invalidate the veto. It is therefore the opinion of this office that pursuant to La.R.S. 33:406 (C)(2), a mayor may return written reasons for a veto via email provided that the written reasons are transmitted to the municipal clerk within ten (10) days of receipt of the ordinance.
I hope the foregoing is sufficiently responsive to your questions. If we can be of further assistance, please do not hesitate to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 BY: __________________________ MERIDITH J. TRAHANT Assistant Attorney General
[1] LA.R.S. 33:406(C)(1).
[2] La.R.S. 33:406(C)(2).
[3] The terms "return" and "transmit" are not defined in Title 33. Webster's Dictionary defines transmittal as "the act of sending a message; causing a message to be transmitted'." Seettp://www.websters-online-dictionary.org.
[4] Id.
[5] According to La.R.S. 9:2602, whether a person executed or adopted an electronic signature is determined by whether the person had acted with the intent of doing a legally significant act. In this case, it is evident that the emailing of the veto and/or written statement was done with the intent of vetoing the aforementioned ordinance and as a result, the veto would be valid.